**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENAN NEAL, | ) | CASE NO. 1:21-CV-976 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES JR. |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION** |

On May 11, 2021, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1). On February 5, 2024, Magistrate Judge James E. Grimes Jr. submitted a Report and Recommendation ("R&R"), recommending that the Court dismiss the petition as untimely. (ECF No. 13). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations governing all applications for writs of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d). The Magistrate Judge determined that the statute of limitations expired on July 18, 2018 and the habeas petition was not filed until May 2021. (ECF No. 13, PageID #1019). The Magistrate Judge found that Petitioner is not entitled to statutory or equitable tolling of the AEDPA statute of limitations. (*Id*. at PageID 1021–25).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within fourteen (14) days after service. Petitioner first objected on February 20, 2024. (ECF No. 14). A district court must conduct a *de novo* review of the portions of the R&R to which the parties objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review. *See Peretz v. US*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474

1

U.S. 140, 141–42, 149–50 (1985).

Petitioner filed objections on February 20, 2024 and February 23, 2024. (ECF Nos. 14 and 15). Petitioner's first objection states, "I am object the time-barred, dismissal of Neal habeas corpus petition. And ask the courts for certificate of appealability." (ECF No. 14). Petitioner's second objection, which he labeled as his "final objection," alleges that he "was under court cost between the years of 2016–2018 which prevent me from filing a habeas corpus petition in a timely fashion. Exc[essive] court fines prevent my case from being review." (ECF No. 15, PageID #1028). Petitioner argues that the $6,500 in court costs from 2016–2018 constituted extraordinary circumstances that prevented him from filing a timely habeas petition. (*Id.*).

On March 8, 2024, Respondent opposed Petitioner's objections arguing that the objections are not proper under 28 U.S.C. § 636(b)(1)(C) because they fail to object to a specific portion of the Magistrate Judge's R&R. (ECF No. 16, PageID #1030, 1032). Respondent noted that Petitioner did not identify substantive mistakes of law or fact in the R&R and has not established that his habeas petition is timely or eligible for equitable tolling. (*Id.*).

Petitioner's first objection did not specify to what portion of the R&R he objects. (ECF No. 14). However, Petitioner's second objection appears to allege that his time-barred habeas petition is eligible for equitable tolling. (ECF No. 15). Petitioner argues that excessive court costs from 2016-2018 prevented him from timely filing a habeas petition. (*Id.*). However, as noted in the R&R, the one-year statute of limitations for Petitioner's habeas petition began running on July 18, 2017 and expired on July 18, 2018; Petitioner filed his habeas petition on May 3, 2021, almost three years late. (ECF No. 13, PageID #1019). Petitioner's January 2017 motion for a new trial did not delay the start of that limitations period. (*Id.* at PageID #1019–20). Even if it had, the statute of limitations would have expired on August 6, 2019; Petitioner has offered no explanation

2

of what prevented him from filing his habeas petition until May 2021. (*Id*.). Petitioner has not established that he was pursuing his rights diligently or that an extraordinary circumstance prevented him from timely filing his habeas petition, as required for equitable tolling. (*Id*. at PageID #1023–24). The Court concurs that Petitioner's habeas petition is untimely. The Court also agrees that Petitioner's objections do not establish a basis for statutory or equitable tolling.

Petitioner's first objection requests that the Court issue a certificate of appealability. (ECF No. 14). However, the Magistrate Judge recommended dismissal for procedural reasons (untimeliness) and Petitioner has not provided evidence to justify statutory or equitable tolling of the July 18, 2018 deadline. (ECF No. 13). Thus, no certificate of appealability will be issued in this case.

The Court **ADOPTS** the Magistrate Judge's R&R, incorporates it fully herein by reference, and **DISMISSES** the Petition as untimely. The Court also finds that there is no basis upon which to issue, and will not issue, a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: March 19, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**